**LUIS A. ORTIZ, Petitioner**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Respondent**

Case No. SX-08-CR-398
Superior Court of the Virgin Islands
Division of St. Croix
May 9, 2017

H. HANNIBAL O'BRYAN, ESQ., Office of the Territorial Public Defender, Kingshill, USVI, *Attorney for the Petitioner.*

JOSEPH N. PONTEEN, ESQ., Assistant Attorney General, Virgin Islands Department of Justice, Christiansted, USVI, *Attorney for the Respondent.*

MOLLOY, *Judge*

## MEMORANDUM OPINION

### (May 9, 2017)

**THIS MATTER** is in the Appellate Division on review from the Magistrate Division based on a notice of review filed by Petitioner, Luis A. Ortiz. For the reasons stated below, Ortiz's conviction and sentence must be vacated because his constitutional right to a trial by jury was violated. *See Murrell v. People,* 54 V.I. 338 (V.I. 2010). The case must be returned to the Clerk for reassignment to a Superior Court judge in the Jury Trial Division.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A grey 1992 Toyota pickup truck was reported stolen from the Mon Bijou area on St. Croix, near the Moravian Church, just before nine o'clock in the morning on August 18, 2008. Later that evening, a concerned citizen alerted the Virgin Islands Police Department that "three suspicious Hispanic individuals [were] tampering with a pickup in the rear of the old muffler repair shop" in the La Grande Princess area. (Prob. Cause Fact Sheet 1, filed Aug. 19, 2008.) Virgin Islands Police Officer

Rolando Huertas was dispatched to investigate. He located the truck, checked its license plate and vehicle identification number, or VIN, and confirmed that it was the same vehicle reported stolen earlier that day. Officer Huertas, along with Officer Sean Santos, staked out the location. Around 9:30 p.m., two men, later identified as Luis Alberto Ortiz and Felix Antonio Dones, arrived in another pickup truck. Ortiz was driving; Dones was seated next to him. Dones got out, walked over to the driver's side of the first pickup, opened the door and went inside, started it, and began driving away. The officers moved in, advised both men of their rights, and arrested them.

The People of the Virgin Islands charged Luis Alberto Ortiz and Felix Antonio Dones by information with one count each of grand larceny, unauthorized use of a vehicle, and possession of stolen property, in violation of sections 1083(1), 1382, and 2101(a), respectively, of title 14 of the Virgin Islands Code. Ortiz and Dones were also charged as principals, in violation of section 11(a) of title 14 of the Virgin Islands Code. Ortiz and Dones were advised of their rights on August 19, 2008. Each asserted his right to a jury trial and had counsel appointed: private counsel for Dones and a public defender for Ortiz. Ortiz was released the next day, August 20, 2008, following a bail hearing and after he executed an unsecured cash bond and obtained a third-party custodian. Dones remained in custody. Both men were arraigned on September 3, 2008 where they pleaded not guilty to the charges and demanded a speedy jury trial. The Clerk's Office assigned both cases — numbered SX-08-CR-397 (*Dones*) and SX-08-CR-398 (*Ortiz*) — to the same Superior Court judge for all further proceedings, including calendar call scheduled for December 15, 2008.

Dones and Ortiz both appeared at the December 15, 2008 calendar call. However, Dones' attorney was unable to attend, having filed a motion to continue on November 24, 2008. The court continued *Dones* to December 19, 2008 for a disposition hearing and *Ortiz* to January 26, 2009 for another calendar call.[1] Counsel in *Ortiz* requested a brief continuance at

---

[1] The cases against Dones and Ortiz diverged at this point. Dones agreed on December 19, 2008 to plead guilty to possession of stolen property and the People agreed to dismiss the remaining charges in return. The court accepted the change of plea and scheduled a sentencing hearing for March 11, 2009. Dones was ordered released on January 16, 2009 after he executed an unsecured cash bond and obtained a third-party custodian. Sentencing was

the January 26, 2009 calendar call to discuss a plea agreement. The court continued the matter to January 28, 2009 for a disposition hearing. Presumably, the parties could not reach agreement because the court continued the case to March 9, 2009. Ortiz failed to appear on March 9, 2009 and a bench warrant issued. He was picked up shortly thereafter because the court continued the case to April 20, 2009, again for calendar call.

During the April 20, 2009 calendar call, the People informed the court that they would be filing a motion for bench trial pursuant to section 4 of title 14 of the Virgin Islands Code, and would drop all but one of the charges. The court continued the case to June 1, 2009. Ortiz again failed to appear, however, at least when his case was called, and a bench warrant issued. However, the record of proceedings prepared by a court clerk also indicates that Ortiz "APPEARED AT THE SUPERIOR COURT AND UPON SPEAKING WITH [THE] JUDGE," the case was continued to July 13, 2009. (R. of Proceedings 2, filed June 1, 2009 (original in uppercase).)

At the July 13, 2009 calendar call, Ortiz's attorney asked for a continuance, which the court granted. A disposition hearing was scheduled for July 22, 2009, but continued to July 24, 2009, for reasons not clear from the record. At the July 24, 2009 hearing, Ortiz, through counsel, insisted that he was innocent and reiterated that he wanted to go to trial. The court continued the case to October 5, 2009, again for calendar call. The parties announced they were not ready for trial on October 5, 2009, so the court continued the case to November 16, 2009.

On the morning of November 16, 2009, the People filed a superseding complaint, dropping the grand larceny and stolen property counts and reducing unauthorized use of a vehicle count to tampering with a vehicle, a violation of section 1384(b) of title 14 of the Virgin Islands Code. In court, the People referenced the new charging document and again announced that they would move for a bench trial pursuant to section 4 of title 14 of the Virgin Islands Code. The court continued the case to

---

continued in part because the Office of Probation needed additional time to prepare a presentence report and because Dones lost and replaced his third-party custodian twice, being picked up and released in between, before ultimately failing to appear on April 22, 2009. A bench warrant was issued that day. Dones was taken into custody three years later and sentenced to time served on September 12, 2012.

November 18, 2008, two days later, for a disposition hearing. The People filed their motion for bench trial the morning of the hearing and again referenced it in court. Counsel for Ortiz objected, orally opposed the motion, and argued that his client had to be arraigned on the tampering charge in the superseding complaint. The court proceeded to arraign Ortiz, who again pleaded not guilty and requested a speedy trial by jury. The court denied Ortiz a speedy trial and granted the People's motion and scheduled a bench trial for December 16, 2009.

Six months earlier, on June 30, 2009, Superior Court magistrates were sworn in and took office.[2] In creating a Magistrate Division within the Superior Court of the Virgin Islands, *see* 4 V.I.C. § 120, the Legislature empowered the Magistrate Division to hear "misdemeanor criminal cases where the maximum punishment is limited to not more than six months imprisonment." V.I. CODE ANN. tit. 4, § 123(a)(4) (1998 ed. & 2009 Supp.), *amended by* Act 7888, § 6(b), 2016 V.I. Sess. L. ___, ___ (July 30, 2016). Although the Clerk's Office had assigned *Ortiz* to a Superior Court judge, the judge either reassigned it to a Superior Court magistrate — perhaps within his authority as the Presiding Judge of the Superior Court at that time, *see* 4 V.I.C. § 72b(a) — or the Clerk's Office transferred the case to the Magistrate Division and assigned it to a magistrate, because once the judge granted the People's motion for bench trial, a magistrate rescheduled the December 16, 2009 bench trial date the judge had set in court. The new trial date was January 11, 2010.

The Magistrate Court conducted a bench trial on January 11, 2010. The People called Christopher Frederick, the owner of the stolen pickup truck, and Officer Huertas and rested. Ortiz moved for judgment of acquittal, which the Magistrate Court denied. Ortiz rested and renewed his motion for judgment of acquittal. The court took his renewed motion under advisement, later denying it by order entered February 19, 2010. The same order also scheduled closing arguments for March 4, 2010. After hearing argument, the court found Ortiz guilty and scheduled sentencing for June 30, 2010, later continued to September 8, 2010. The Magistrate Court

---

[2] The Legislature recently changed the title from magistrate to magistrate judge. *See* Act 7888, § 15, 2016 V.I. Sess. L. ___, ___ (July 30, 2016). The Court will use magistrate throughout this opinion to avoid any confusion since all of the proceedings in this case occurred when magistrate judges were referred to as magistrates. *Accord Xavier v. Treasure Bay V.I. Corp.*, SX-09-CV-450, 2017 V.I. LEXIS 31, at *1 n.1 (Super. Ct. App. Div. Feb. 23, 2017) (same).

sentenced Ortiz to six months incarceration, with all but thirty days suspended, five months supervised probation, a hundred hours of community service, and fines and fees totally $275.00. The Magistrate Court *sua sponte* stayed the portion of incarceration, however, "pending review . . . by a Superior Court judge in the event that the Defendant timely exercises the right to seek a review." (Jgmt. 2, entered Sept. 10, 2010.)

Three days later, on September 13, 2010, the Supreme Court of the Virgin Islands issued its decision in *Murrell v. People*, 54 V.I. 338 (V.I. 2010). Two weeks after that, the then-Clerk of the Superior Court issued the following transmittal memo to the Judges of the Superior Court with a copy to the Magistrates of the Superior Court.

> As a result of the decision in *Murrell v. People of the V.I.*, S. Ct. Crim. No. 2009-064 (S.Ct. Sept. 13, 2010), and consistent with the direction provided, the criminal cases which were previously referred to a magistrate pursuant to 14 V.I.C. § 4 have been or are being reassigned. Attached, please find a listing of cases compiled by the Criminal Division in each district, which are now reassigned to the original assigned judge, along with previously scheduled bench trial dates, for your convenience.[3] The listings for each district are designated as follows: 1) Cases in which there is an existing bench trial date which would have to be continued and noticed; 2) Cases Pending or continued without a court date; and 3) Terminated/Sentenced (cases in which the magistrates have entered judgments from August 1, 2010 forward, particularly where there may yet be an opportunity to obtain appeal). For your convenience, the listing for each of the above-noted castegories [sic] is further organized based on the originally assigned judge.
>
> Scheduled bench trial dates that were within the last week have been continued without a date. However, litigants in cases where the bench trial dates were October 1, 2010 or beyond have not yet been notified of any changes, pending your review and determination whether some of those dates may be retained (for status, reviews, determination of waiver issues, and the like). The divisions will await further instructions or scheduling orders in particular cases.

---

[3] (Please note that we focused primarily on cases before magistrates pursuant to 14 V.I.C. § 4; there are, however, some instances where judges may have granted motions for bench trial pursuant to that statute but retained the cases for scheduling on their bench trial calendars. Those cases will have to be flagged, as they are not necessarily covered in this listing.)

Additionally, all similar cases which were previously heard by a magistrate, but for which the appellate remedies have not been fully exhausted, are also attached for your review and further consideration. Finally, any case which is before a magistrate pursuant to 14 V.I.C. § 4 and which is now awaiting a hearing for a guilty plea, is also now submitted to the originally assigned judge for consideration, where the matter may not properly be within a magistrate's jurisdiction in the first instance.

The case files for all the listed cases are attached hereto.

Please let us know if this office may be of further assistance in this regard.

(Clerk Transmittal Memo 1-2, dated Sept. 27, 2010.)

Four days after *Murrell* was decided, and ten days before the transmittal memo was issued, Ortiz filed a document titled "Notice for Review." The header indicated that Ortiz filed it "IN THE SUPREME COURT OF THE VIRGIN ISLANDS," but the body stated that he "appeals to the Superior Court of the Virgin Islands . . . [the] final order [that] was rendered on September 9, 2010." (Def.'s Notice 1, filed Sept. 17, 2010.) Ultimately, both courts acted on Ortiz's notice.

The Clerk of the Supreme Court of the Virgin Islands issued a docketing letter to Ortiz's counsel on September 28, 2010, to note the case number assigned to the appeal and to alert the parties to the appellate deadlines. However, on October 7, 2010, the Supreme Court issued the following order to the parties:

Prior to considering the merits of an appeal, this Court must first determine if it has appellate jurisdiction over the matter. *V.I. Gov't Hosp. and Health Facilities Corp. v. Gov't*, 50 V.I. 276, 279 (V.I. 2008). Pursuant to the Virgin Islands Code, "[a]ll appeals from the Magistrate Division, except as otherwise provided for in this chapter, must be filed in the Superior Court or to the Supreme Court, if appealable to the Supreme Court as provided by law." 4 V.I.C. § 125 (emphasis added). Except for a limited number of interlocutory appeals specifically authorized by statute,[4] the Virgin Islands Code mandates that "[a]ppealable judgments and orders to the Supreme Court shall be

---

[4] *See, e.g.*, 4 V.I.C. § 33(b)-(d).

available only upon the entry of final judgment in the Superior Court from which appeal or application for review is taken." 4 V.I.C. § 33(a) (emphasis added). "The general rule is that a decision is considered final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Estate of George v. George*, [50 V.I. 268, 274 (V.I. 2008)] (quoting *Berke v. Bloch*, 242 F.3d 131, 134 (3d Cir. 2001)).

In our recent opinion in *H&H Avionics v. V.I. Port Auth.*, [52 V.I. 458 (V.I. 2009)], this Court expressly held that, "except for dispositive orders entered by magistrates in civil matters tried with the consent of the parties and the Presiding Judge pursuant to 4 V.I.C. § 123(d), orders entered by magistrates that have not been appealed to and reviewed by a Superior Court judge do not constitute final, appealable orders. Consequently, this Court holds that," except as provided by 4 V.I.C. § 123(d), "a litigant does not possess the right to directly appeal a magistrate's order to this Court without first filing an appeal with a Superior Court judge." [52 V.I. at 463.]

Here, it appears that the September 9, 2010 Order in Super. Ct. Crim. No. 398/2009 was entered by a Superior Court magistrate, and Appellant's September 17, 2010 "Notice of Review" expressly states that Appellant wishes to appeal the September 9, 2010 Order to the Superior Court. Moreover, the Superior Court did not transmit the September 17, 2010 "Notice of Review" to this Court, and the instant matter was only docketed in this Court because Appellant's counsel filed a copy of the document in this Court on September 21, 2010. Thus, it appears that this Court lacks jurisdiction to hear the instant appeal, and that Appellant's counsel may have provided a copy of the "Notice of Review" to this Court by mistake. However, before issuing its decision, the Court shall provide both parties with the opportunity to brief the Court on the limited issue of this Court's jurisdiction.

(Order 1-2, *Ortiz v. People*, S. Ct. Crim. No. 2010-0072 (V.I. Oct. 7, 2010).)

The Chief Public Defender at the time responded to the October 7, 2010 Order by letter and acknowledged that "the Supreme Court does not have appellate jurisdiction over this case at this time," but noted further that the notice of review had also been filed in the Superior Court. (Letter 1, *Ortiz v. People*, S. Ct. Crim. No. 2010-0072, filed Oct. 20, 2010.) Counsel asked the Supreme Court either to allow Ortiz to withdraw his

appeal or enter an order to dismiss it. The Supreme Court construed the letter as a motion to voluntarily dismiss the appeal and granted it the same day. The mandate issued on November 30, 2010.

The same day the Supreme Court dismissed Ortiz's appeal to that Court, a court clerk "REASSIGNED" Ortiz's case to the same judge who granted the People's bench trial motion, but "ON AN APPEAL." (Oct. 20, 2010 clerk docket entry.) Five days later, on October 25, 2010, Ortiz filed a corrected notice of review. Nothing further occurred until 2014 when this Court issued an order, dated March 11, 2014, not entered until April 2, 2014, directing Ortiz to inform the Court within twenty days "whether he intends to pursue his appeal and on what grounds the review was requested." (Order 2, entered Apr. 2, 2014.) Ortiz did not respond. On June 30, 2015, the Office of Probation filed a request to have Ortiz discharged from supervision under unsatisfactory conditions — because he did not pay the fines or fees or complete the community service hours — and a civil judgment entered in favor of the Government of the Virgin Islands for $175.00.

On April 18, 2017, this Court issued an order *sua sponte* and directed the parties to *Murrell* and ordered them to show cause in writing within seven days "why the judgment and corresponding conviction by the Magistrate Division should not be vacated and this matter remanded to the Jury Trial Division for reassignment to a Superior Court judge to conduct a jury trial." (Order 4, entered Apr. 18, 2017.) Given the amount of time that had passed — and considering that reviews in the Appellate Division are appellate proceedings — the Clerk's Office served the April 18, 2017 Order on the Solicitor General and the Appellate Public Defender as well as Ortiz's trial counsel and the Attorney General's Office. The People filed a response on April 26, 2017, stating they "are not opposed to the court remanding this matter to the Jury Trial Division for reassignment." (People's Resp. 1, filed Apr. 26, 2017.) Ortiz did not respond.

## II. JURISDICTION

■ "Judges sitting in the Appellate Division of the Superior Court function like an appellate court with the Magistrate Division functioning as the trial court." *David v. People*, SX-15-RV-007, 2016 V.I. LEXIS 15, at *9 (Super. Ct. App. Div. Feb. 22, 2016) (quotation marks and citations omitted). However, the Magistrate Division only "has original jurisdiction over . . . non-felony traffic offenses, petty criminal offenses, small claims

actions, landlord and tenant actions, probate matters, and civil domestic violence and civil stalking actions." *Id.* at *8-9 (citing *In re: Estate of Small*, 57 V.I. 416, 428 (V.I. 2012)). Generally, on review, the Appellate Division judge must address any of the arguments the parties raise in their briefs, except any the court finds are waived. *See id.* at *10 (citing *Gardiner v. Diaz*, 58 V.I. 199, 205 n.5 (V.I. 2013). However, in this case, the Court has no arguments to consider.

No steps have been taken by either side in furtherance of this review — not by Ortiz, such as by requesting a transcript, filing a brief, or checking on the status of his internal appeal, nor by the People, by moving to dismiss the review due to Ortiz's inaction or for summary affirmance of the conviction. That said, the Appellate Division also did not take any steps to further this review. However, when Ortiz filed his notice of review, the Appellate Division of the Superior Court of the Virgin Islands had not been created yet.

Soon after the Legislature created the Magistrate Division and Superior Court magistrates took office, the Supreme Court held in *H&H Avionics, Inc. v. Virgin Islands Port Authority* that it lacks jurisdiction to hear an appeal directly from "orders entered by magistrates that have not been appealed to and reviewed by a Superior Court judge" because such orders "do not constitute final, appealable orders." 52 V.I. at 462-63. The Court reached that conclusion in part because section 125 of title 4 of the Virgin Islands Code directs that " 'all appeals from the Magistrate Division, except as otherwise provided for in this chapter, must be filed in the Superior Court or to the Supreme Court, if appealable to the Supreme Court as provided by law.' " *Id.* at 461 (quoting 4 V.I.C. § 125) (brackets omitted). The Supreme Court's appellate jurisdiction is limited to "appeals arising from final judgments, final decrees or final orders of the Superior Court." 4 V.I.C. § 32(a). "[O]rders entered by magistrates are not final," the Court concluded, "because a trial court's decision-making power is ultimately vested in its judges and thus, when an order — even a dispositive one — is entered by magistrate instead of a judge, a final order from the trial court does not exist." *H&H Avionics*, 52 V.I. at 462 (citations omitted). Since the Virgin Islands Magistrates Act was largely patterned after the Federal Magistrates Act, "judicial decisions of federal courts of appeals considering the finality of magistrate orders . . . assist . . . in interpreting our local statute," the Court explained. *Id.* at 461 (citation omitted). Because, in the federal courts, " '[t]he law is settled that

appellate courts are without jurisdiction to hear appeals directly from federal magistrates,' " *id.* (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980), parenthetically), the Virgin Islands Supreme Court "agree[d] with the federal courts," *id.*, and concluded "that a litigant does not possess the right to directly appeal a magistrate's order to th[e Supreme] Court without first filing an appeal with a Superior Court judge." *Id.* at 463.

*H&H Avionics* was decided on December 14, 2009. Two weeks later, the Presiding Judge of the Superior Court promulgated rules for the Magistrate Division and Superior Court magistrates generally. *See generally In re: Amend. to Rules of Super. Ct.*, Misc. No. 29/09, 2009 V.I. LEXIS 34 (Super. Ct. Dec. 31, 2009). However, the rules concerning reviews or appeals from decisions of magistrate courts were "INTENTIONALLY LEFT BLANK." *Id.* at *14. Instead, "interim procedures" were promulgated. *In re: Order Establishing Interim. Proc. for Rev. of Magis. Decisions*, Misc. No. 30/09, 2009 V.I. LEXIS 33, at *1 (Super. Ct. Dec. 31, 2009). The interim procedures provided for review from "[d]ecisions of magistrates pursuant to their original jurisdiction" and directed that "[a]ll [m]agistrate orders, for which no review is sought by either party within the time provided for by this section," which was and still is ten days, would "become final orders of the [c]ourt after expiration of the time for such filing." *Id.* at *2-3.

By the end of the next year, 2010, the Presiding Judge had filled in the "blank" by rescinding the interim rules and promulgating a comprehensive set of rules in their place. *See generally In re: Order Amend. Rules Gov. Rev. of Magis. Decisions*, SX-10-MC-030, 2010 V.I. LEXIS 105, at *5-6 (Super. Ct. Nov. 22, 2010). Pursuant to statutory authority, the Presiding Judge also created an appellate division within the Superior Court to review by petition cases within the Magistrate Division's original jurisdiction. *See id.* at *5-6 ("Pursuant to V.I. CODE ANN. tit 4, § 79(a) and § 31(d) (3) and (5), there is hereby created an Appellate Division of the Superior Court, within the Office of the Clerk."). The preface to what became the rules for the Appellate Division further explained that

> [i]n implementing the statute affecting the Magistrate Division, the Legislature of the Virgin Islands expressly set forth the jurisdiction and scope of authority of magistrates of the Court as . . . 1) Original Jurisdiction . . . 2) Designation . . . [and] 3) Trial By Consent . . . .

Having set forth these three distinct sources of magistrates' authority, the Legislature provided for a direct right of appeal to the Supreme Court of the Virgin Islands, from judgments entered by magistrates while presiding over trials by consent, pursuant to 4 V.I.C. § 123(d). Moreover, the Legislature expressly created a right to reconsideration by a Superior Court judge of pretrial matters heard by designation under 4 V.I.C. § 123(b). However, the Legislature did not expressly set forth an appellate remedy for litigants who seek to challenge a decision entered pursuant to magistrates' original jurisdiction under 4 V.I.C. § 123(a)(1)-(6).

While declining to set forth specifically a procedure for litigants seeking review from magistrate decisions entered in original proceedings under 4 V.I.C. § 123(a), the Legislature nonetheless contemplated other avenues of review "in the Superior Court or to the Supreme Court, if appealable to the Supreme Court as provided by law," pursuant to this Court's rulemaking authority. *See* 4 V.I.C. § 125. The Supreme Court of the Virgin Islands has construed the absence of a specific statutory appellate remedy to preclude direct review of magistrate decisions in that Court and to require an internal review process for all magistrate decisions in the trial court, *see H&H Avionics, Inc. v. Virgin Islands Port Authority*, 52 V.I. 458 (V.I. 2009), thus necessitating the following amendments to the Rules of the Superior Court . . . to provide for an internal review process.

*Id.* at *1-3.

Here, the People could not file their case against Ortiz in the Magistrate Division because the Magistrate Division did not yet exist. In creating a magistrate division, the Legislature delayed implementation of the Virgin Islands Magistrate Act until January 1, 2009. *See* Act 6919, § 6, 2007 V.I. Sess. L. 26, 31 (May 11, 2007) ("This Act becomes effective January 1, 2009."). A month later, the Legislature amended section 6 of Act 6919 and deleted "2009" and replaced it with "2008." *See* Act 6929, § 40(b), 2007 V.I. Sess. L. 50, 55 (June 16, 2007) ("Act No. 6919 is amended in section 6 by striking '2009' and inserting '2008.' "). The Magistrate Division would have been implemented by January 1, 2008. But the Legislature also deferred that date, directing instead that "the Magistrate Division . . . must be fully implemented by July 1, 2008." Act 6985, § 8, 2007 V.I. Sess. L. 229, 231 (Dec. 22, 2007). Then, on July 24, 2008, a

135

week before the third date, the Legislature delayed implementation until March 31, 2009. *See* Act 7009, § 1, 2009 V.I. Sess. L. 155, 156 (July 4, 2009) ("Section 8 of Act 6985 is amended by striking 'July 1, 2008' and inserting 'March 31, 2009.' "). Thus, the Magistrate Division did not take effect until March 31, 2009 and the Superior Court magistrates did not take office until June 30, 2009. *Ortiz* was pending since August 19, 2008. None of the legislation concerning the Magistrate Division directed that it applies retroactively, at least not as to what jurisdiction was vested in the Magistrate Division. Clearly, then, *Ortiz* was not filed in the Magistrate Division because the Magistrate Division did not exist yet. The question raised here is whether the case was effectively — if not actually — transferred to the Magistrate Division after the judge granted the People's motion for bench trial. The reason why it matters is the decision the Supreme Court of the Virgin Islands issued in *Azille v. People*, 59 V.I. 215 (V.I. 2012).

Charles R. Azille, Jr. was charged by information with two offenses, aggravated assault and battery and disturbance of the peace, violations of sections 298(5) and 622(1), respectively, of title 14 of the Virgin Islands Code. *See* 59 V.I. at 218. Aggravated assault and battery is a serious offense; disturbance of the peace is a petty offense. After arraignment, where Azille asserted his right to a jury trial, the trial judge assigned to his case invoked section 4 of title 14 of the Virgin Islands Code *sua sponte. See id.* at 218-19. Invoking section 4 — a statute later invalidated in *Murrell* — brought the case against Azille within the jurisdiction of the Magistrate Division, *see* 4 V.I.C. § 123(a)(4), and allowed the court to hear the case in a bench trial, so long as the maximum sentence imposed did not exceed six months. The Clerk's Office transferred the case to the Magistrate Division and reassigned it to a Superior Court magistrate who conducted the bench trial and found Azille guilty on both counts. *See* 59 V.I. at 219-20. The magistrate initially scheduled a sentencing hearing, but continued the hearing without a date. *See id.* at 220. The record on appeal did not reveal why. *See id.* ("At the July 26, 2010 hearing, Azille's counsel made an oral motion for reconsideration of the judgment. Although it is unclear from the record why, the magistrate continued the sentencing and transferred the case back to the Superior Court judge originally assigned to it to consider the motion."). The reason why was *Murrell.*

The docket for Azille's case, which the Court takes judicial notice of — *see King v. Appleton*, 61 V.I. 339, 348 (V.I. 2014) ("the Superior Court

may take judicial notice of the existence of a document that has been filed with it in another proceeding" (quotation marks and citation omitted)) — shows the following entry by a court clerk: "CASE FILE RECEIVED BY JURY TRIAL DIVISION AS PER S.CT. CRIM. NO 2009-0035 OPINION AND ORDER DATED SEPTEMBER 13, 2010." (*People v. Azille*, ST-10-CR-025, docket entry (V.I. Super. Ct. Oct. 18, 2010).) The Court again takes judicial notice, though of contents of the Supreme Court's docket, *see Cianci v. Chaput*, 64 V.I. 682, 690 n.2 (V.I. 2016), that 2009-0035 is the case number that was assigned to one of two appeals Roland G. Murrell filed in the Virgin Islands Supreme Court. The other appeal was Supreme Court criminal case number 2009-0064. The Supreme Court later "consolidated both of Murrell's appeals for the sole purpose of oral arguments." *Murrell v. People*, 54 V.I. 327, 333, n.3 (V.I. 2010) ("*Murrell II*"). Both appeals were decided the same day, September 13, 2010. *See id.* at 329 (S. Ct. Crim. No. 2009-0035); *see also* 54 V.I. at 344 (S. Ct. Crim. No. 2009-0064). Although the court clerk's notation on the docket of Azille's case referred to the September 13, 2010 Opinion the Supreme Court issued in *Murrell II*, both opinions addressed the same issue: the invocation of section 4 of title 14 in violation of the right to trial by jury as provided in the Sixth Amendment and extended to the Virgin Islands through the Revised Organic Act. *See Murrell II*, 54 V.I. at 333-36; *see also Murrell*, 54 V.I. at 347-68. *But cf. Murrell II*, 54 V.I. at 335 (invoking section 4 did not constitute reversible error because Murrell was acquitted of the offense that entitled him to a jury trial and could not be retried so the error was moot). Clearly, then, *Murrell* is the reason why Azille's case was transferred to the Jury Trial Division and reassigned back "TO JUDGE WHO ENTERED THE 14 V.I.C. § 4 ORDER JSC." (*Azille*, ST-10-CR-025, docket entry (Oct. 15, 2010).)

Once the case was reassigned, the trial judge ruled on Azille's motion for reconsideration — which the court construed as a motion for judgment of acquittal — denied it and then sentenced him. *See* 59 V.I. at 221. Azille appealed to the Supreme Court and claimed on appeal that the transfers between divisions and the assignments to a judge, then to a magistrate, and back again to a judge were in error. To address his claim, the Supreme Court took each conviction separately. In rejecting Azille's claim of error as to his conviction for disturbing the peace, the Court reasoned that

> [a]lthough the Legislature provided in section 123(a) of title 4 of the Virgin Islands Code that the Magistrate Division has jurisdiction to

hear certain misdemeanor trials, the Legislature did not provide the Magistrate Division with exclusive jurisdiction over those misdemeanor trials and did not take away the Superior Court's jurisdiction to hear all criminal matters under the Virgin Islands Code. Accordingly, the Superior Court judge had concurrent jurisdiction to hear the matter and sentence Azille.

*Id.* at 222 (citation omitted). The Court did agree, however, that the conviction for aggravated assault and battery was in error. *See id.* at 226. Because aggravated assault and battery is a serious offense, Azille had a constitutional right to a jury trial. Invoking section 4 was in error. Azille's conviction was reversed and the case remanded for a new trial. *See id.* at 228 ("[T]he Superior Court committed plain error by violating Azille's Sixth Amendment right to a jury trial where it invoked section 4 of title 14 to force Azille to submit to a bench trial despite his request for a jury trial. Therefore, we must reverse Azille's aggravated assault conviction and remand for a new trial.").

*Azille* stands in stark contrast to other decisions of the Supreme Court regarding the Magistrate and Appellate Divisions and raises a number of questions, only of which is at issue here: was this case transferred to the Magistrate Division once the assigned judge granted the People's motion for bench trial, but returned to the Criminal Division (or perhaps the Jury Trial Division[5]) after *Murrell* was decided so that, like *Azille*, the same judge could conclude the case as the trial court judge. If the answer to this question is yes, then this Court is sitting as a trial court and not as an appellate court.[6]

■ Although the Clerk's Office should have issued a notice of judge reassignment or entered a notation on the docket to show that this case had been transferred to the Magistrate Division, it is clear that is what happened. Once the judge granted the People's motion for a bench trial, a magistrate presided over the case. The magistrate conducted the bench

---

[5] *See Xavier*, 2017 V.I. LEXIS 31, at *19 n.8 ("When (or if) a Jury Trial Division was formally created pursuant to Section 79(a) is unclear. But the practice within the Superior Court (and the Territorial Court before it) has been that new cases are processed by the Civil Division or the Criminal Division and, if a trial by jury is demanded, transferred to the Jury Trial Division.").

[6] Upon taking office, the undersigned judge inherited all of the prior judge's cases including this matter.

trial, ruled on dispositive motions, and imposed a sentence. Even assuming — in the time before the Appellate Division was formally created and before rules were promulgated to govern the Magistrate and Appellate Divisions — that a Superior Court judge could designate a Superior Court magistrate to conduct a bench trial in a criminal case that was initially within the jurisdiction of the Jury Trial Division, *contra* V.I. CODE ANN. tit. 4, § 123(b)(2) (1997 ed. and 2010 Supp.), that did not happen here. The magistrate did not recommend that the judge deny Ortiz's motion for judgment of acquittal. The magistrate did not recommend that the judge find Ortiz guilty of tampering with a vehicle. The magistrate did not recommend a sentence for the judge to impose. Rather, the magistrate made each of these decisions.

The transmittal memorandum from the Clerk further supports that this case was transferred to the Magistrate Division. The Clerk did refer to certain cases that "were previously *referred* to a magistrate pursuant to 14 V.I.C. § 4," which does imply designation, more so than reassignment. (Transmittal Memo. 1.) But the Clerk also explained that other cases impacted by *Murrell* had to be "*reassigned* to the original assigned judge" including any closed cases or cases in which a magistrate entered judgment, because "there may yet be an opportunity to obtain appeal." *Id.* (emphasis added). The Clerk also recognized that some cases "awaiting a hearing for a guilty plea" had to be returned "to the originally assigned judge for consideration, where the matter may not properly be within a magistrate's jurisdiction *in the first instance.*" *Id.* at 2 (emphasis added). Clearly, *Ortiz* was transferred to the Magistrate Division.

It appears that no one acted on the Clerk's Memo, insofar as this case is concerned, perhaps because Ortiz had filed his notice of review ten days earlier. The Clerk's Memo was dated September 27, 2010. Ortiz filed his notice of review on September 17, 2010 and — for reasons unclear from the record — refiled it on September 28, 2010. The Supreme Court did not dismiss his appeal for lack of jurisdiction until October 20, 2010. The mandate issued on November 30, 2010. In the interim, Ortiz filed a corrected notice of review with the Superior Court on October 25, 2010. Again, for reasons unclear from the record, but most likely because of the October 20, 2010 Order, a court clerk assigned Ortiz's request for review to the same judge "on an appeal" on the same date that the Supreme Court dismissed Ortiz's appeal from that Court.

139

Notwithstanding the notation on the docket that the case was reassigned, the case was forwarded to the initial judge as an appeal. Many cases from the Magistrate Division on review to the Appellate Division prior to 2015 reflect a reassignment on the docket to a Superior Court judge because the Clerk at the time decided that reviews "would remain within the same case being appealed and also that the judge code would not change" on the Superior Court's internal electronic docketing system. *Xavier*, 2017 V.I. LEXIS, 31 at *14 n.6. It was not until 2015 that the then-Acting Clerk decided that a "review filed with the Appellate Division on appeal from the Magistrate Division [would be] assigned a new case number." *David*, 2016 V.I. LEXIS 15, at *1 n.1. Because Ortiz filed for review long before this change was implemented — and because the change was also not implemented retroactively — his internal appeal remains within his trial court case. Considering the proceedings to date and the relevant authorities, the Court concludes that, unlike *Azille*, this matter is not in the Criminal Division, but rather in in the Appellate Division on review from the Magistrate Division.

## III. DISCUSSION

Having determined that this matter is before the Court on internal appeal, the Court turns to the only issue on review: whether Ortiz's conviction and sentence were obtained in violation of his right to a jury trial. The answer to that question is clear.

██ The Sixth Amendment to the Constitution of the United States of America provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." The right to trial by jury applies in the Virgin Islands through Section 3 of the Revised Organic Act, which directs that it has "the same force and effect [ ]here as in the United States or in any State of the United States." 48 U.S.C. § 1561. The Supreme Court of the United States has held that the right to trial by jury attaches only "for prosecutions of serious offenses, and that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.' " *Murrell*, 54 V.I. at 355 (quoting *Lewis v. United States*, 518 U.S. 322, 325, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996)). "[A]ll offenses carrying a *maximum prison term* in excess of six months are serious offenses to which a right to a jury trial attaches under the Sixth Amendment." *Id.* at 356 (emphasis added) (quotation

marks and citations omitted). In Azille, the Virgin Islands Supreme Court reiterated that

> it is the maximum penalty that may be imposed on any defendant for an offense that determines whether the charged offense is a serious crime entitling the defendant to a jury trial, and not the maximum penalty that *a judge may*, at his or her discretion, impose in a given case.

*Azille*, 59 V.I. at 226 (quoting *Murrell*, 54 V.I. at 358-59) (emphasis added) (brackets omitted).

Here, Ortiz was charged by superseding complaint with one offense, tampering with a vehicle, a violation of section 1384(b) of title 14 of the Virgin Islands Code. Section 1384(b) provides that "[a] person who, without right to do so and with intent to commit a crime, tampers with a vehicle, or goes in or on it, or works or attempts to work any of its parts or components, or sets or attempts to set it in motion, is guilty of a misdemeanor." The Legislature has not imposed a maximum penalty for this misdemeanor offense. Therefore, the maximum penalty Ortiz could have faced upon conviction for violating Section 1384(b) is "a fine not exceeding $200 or . . . imprisonment not exceeding one year, or . . . both," which is the penalty for "every crime or offense declared to be a misdemeanor" where no other penalty is prescribed. 14 V.I.C. § 3(a)(2).

█ As in *Murrell*, "invoking 14 V.I.C. § 4 to limit a particular defendant's sentence to no more than six months incarceration ha[d] no impact on that defendant's right to a jury trial pursuant to section 3 of the Revised Organic Act." 54 V.I. at 359 (citation omitted). In other words, "the Virgin Islands Legislature, by authorizing, through 14 V.I.C. § 4, for Superior Court judges to arbitrarily deprive a defendant of the right to a jury trial by agreeing to impose an incarcerative sentence of no more than six months, acted contrary to section 3" of the Revised Organic Act. *Id.* at 360. It was an error in *Murrell* and it is an error here.

Ortiz invoked his right to a jury trial. He objected to the People's motion for bench trial and insisted that he be rearraigned on the charge in the superseding complaint. Then, after he was arraigned again, he reasserted his right to a trial by jury and his right to a speedy trial. He neither waived nor forfeited any of these rights. The judge denied Ortiz's request for a speedy trial — presumably because Ortiz repeatedly failed to appear — but the judge could not deny Ortiz the right to a trial by jury.

141

*Murrell* made that plain: "courts have consistently held that the right to a jury trial is a substantial right . . . and that the right is adversely affected when a jury trial is denied after it has been requested." *Id.* at 365 (citation omitted). The error was plain there and is plain here.

■ However, before an appellate court can reverse a conviction — "even where the guilt of a defendant is beyond dispute," *id.* at 367 (quotation marks and brackets omitted) — the court must also find that the plain error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks and citation omitted). The Supreme Court of the Virgin Islands has already held that the "denial of a jury trial undoubtedly implicates the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks and citation omitted). The same concerns are implicated here. Therefore, this Court must reverse Ortiz's conviction and return this matter to the Clerk's Office for the case to be transferred to the Jury Trial Division and reassigned to a Superior Court judge.

## IV. CONCLUSION

For the reasons stated above, the Court concludes that this matter is properly before the Appellate Division on review from the Magistrate Division. Ortiz's conviction and sentence must be vacated for the reasons stated in *Murrell*. Ortiz asserted his right to a trial by jury. The Superior Court acted contrary to that right when it granted a motion filed by the People of the Virgin Islands for a bench trial pursuant to section 4 of title 14 of the Virgin Islands Code.