09-1301-cr
United States v. Lockenwitz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand ten.

PRESENT:  ROGER J. MINER,
          GERARD E. LYNCH,
                    *Circuit Judges*,
          DAVID G. TRAGER,[*]
                    *District Judge*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

      v.                                             No. 09-1301-cr

KEVIN LOCKENWITZ,
                    *Defendant-Appellant*.

----------------------------------------------------------------------

FOR APPELLANT:      Terence L. Kindlon, Kindlon and Shanks, P.C., Albany, New York, on submission.

FOR APPELLEE:       Paul D. Silver, Assistant United States Attorney, (Robert A. Sharpe, Assistant United States Attorney, <u>on the brief</u>) <u>for</u> Andrew T. Baxter, United States Attorney for the Northern District of New York, Albany, New York, on submission.

---

[*] The Honorable David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (Norman A. Mordue, Chief Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Kevin Lockenwitz pled guilty to one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to 46 months' imprisonment. Lockenwitz appeals his sentence. We assume the parties' familiarity with the relevant facts and procedural history of this case, and the issues presented in this appeal.

## I. Procedural Unreasonableness

We review sentences under a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), quoting Gall v. United States, 552 U.S. 38, 41 (2007) (internal quotation marks omitted). In coming to a procedurally reasonable sentence, a district court must consider the factors listed in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines range, and "conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense," in order to reach "an informed and individualized judgment . . . as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing." Id., quoting 18 U.S.C. § 3553(a).

Lockenwitz argues that his sentence was procedurally unreasonable because the

district court did not "adequately explain why the arguments made by the defense were rejected." But the district court explicitly addressed and rejected each of Lockenwitz's arguments:

- In his pre-sentence interview, Lockenwitz claimed that the ammunition belonged to his ten-year old son. At sentence, the court dismissed this argument, saying "I disbelieve that."

- In a sentencing memorandum, Lockenwitz argued that although his Criminal History Category of V was computed correctly, that calculation overstated the significance of his criminal record because his criminal history points stemmed from remote convictions, and he has since reformed. He therefore asked the court to treat him as if he were a Criminal History Category III offender. At sentence, the court advised defense counsel, "I have reviewed your memo of law and I think his criminal history category is where it should be. I don't think it overstates his likelihood of recidivism." The court later added, "I know there is a motion indicating the criminal history overstates the likelihood of recidivism in this case . . . . I find that not to be the case."

- Lockenwitz's sentencing memo also claimed that he was a good husband and father who was working and providing income for his family. The court dismissed this line of argument, finding it not a basis for leniency because "that's really what he should have done, he should be doing that."

- At sentence, Lockenwitz argued that his daughters needed him home for support because they recently had been victims of "a sexual predator." The court said, "I hear what you're saying," but went on to explain that it could not "disregard" the fact that Lockenwitz had committed the instant offense within a year of being released from a lengthy term of incarceration.

Lockenwitz does not identify any argument that the district court failed to address. His sentence was therefore not procedurally unreasonable for failing to explain the reasons for rejecting his sentencing contentions.

**II. Substantive Unreasonableness**

Lockenwitz argues that his sentence was substantively unreasonable for two

3

reasons: first, because Criminal History Category V overstates his dangerousness and the district court erred in imposing a sentence based on that category; and second, because the district court should have imposed a lesser sentence to permit him to be available to support his daughters, who were recent victims of sexual crimes.

The sentence was not substantively unreasonable. As discussed above, the district court clearly addressed and rejected each of these arguments. Moreover, the district court explicitly stated that it had considered the § 3553(a) factors and said "I don't see a basis to go under that way. I think the sentence in the guidelines is fair, it's adequate and it meets the requirements of 3553(a)[,] and it's not more than is needed in this case." On this basis, the court sentenced Lockenwitz to the bottom of the unchallenged Guidelines range of 46 to 57 months' imprisonment. In light of Lockenwitz's serious criminal record – three misdemeanor convictions, fourteen felony convictions (albeit arising out of a single indictment and resulting in a single term of imprisonment), and six arrests that did not affect his criminal history score; the fact that he committed the instant offense within a year after being released from a lengthy term of incarceration; and his false assertion that the ammunition belonged to his ten-year old son, his sentence was well within the limits of the district court's discretion. See Cavera, 550 F.3d at 189 ("We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (emphasis and internal quotations marks omitted)).

Lockenwitz's citation to other cases where putatively similar defendants received

4

downward departures does not show that the court abused its discretion here. To the extent that Lockenwitz argues that the district court erred by failing to depart downward within the Guidelines system, we have no jurisdiction to review that argument. See United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005) ("[A] refusal to downwardly depart is generally not appealable, . . . [except] when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal."). To the extent that he argues that it was substantively unreasonable not to give a lower sentence, we reject that argument for the reasons stated above.

**III. Imposition of Sentence Consecutive to Not-Yet-Imposed State Sentence**

In a supplemental brief, Lockenwitz argues that the district court erred by making his sentence consecutive to a state sentence that had not yet been imposed. The Government agrees. See United States v. Donoso, 521 F.3d 144, 149 (2d Cir. 2008) (Section 3584(a) of Title 18 "does not authorize a district court to direct that a defendant's federal sentence run consecutively to a not-yet-imposed state sentence.").

Since Lockenwitz did not raise this issue before the district court, we review for plain error. United States v. Gamez, 577 F.3d 394, 397 (2d Cir. 2009). To establish plain error, Lockenwitz must show: "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Polouizzi, 564 F.3d 142, 154 (2d Cir. 2009) (internal quotation marks, citations, and brackets omitted).

5

The district court's error did not affect Lockenwitz's substantial rights, because he would have served his sentences consecutively regardless of whether the district court imposed a consecutive sentence. Before trial, Lockenwitz was in state custody for a violation of parole. On April 24, 2008, he was produced in federal court on a writ of habeas corpus ad prosequendum. After his March 17, 2009 federal sentencing, he was returned to New York state custody, and the New York State Division of Parole sentenced him to 16 months of parole revocation time. As Lockenwitz himself states, he was held in a New York state prison until July 22, 2009, at which point he was moved to federal prison to begin serving his federal sentence.

Under these circumstances, Lockenwitz's federal sentence could not begin to run until he was released from state custody and received by the federal facility where he was to serve his sentence. See 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Cf. United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir. 2001) ("[A] defendant held at a federal detention facility is not 'in custody' for the purposes of § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum."); United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998) ("[T]he determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served."). Since he was

6

not received in federal custody until after he completed his state sentence, Lockenwitz's federal sentence would run consecutively to his state sentence regardless of whether or not the district court directed that the federal sentence run consecutively to the state sentence. The district court's error, therefore, did not affect the sequence or duration of Lockenwitz's sentences.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court